**IN THE UNITED STATES BANKRUPTCY COURT**
for the Eastern District of Virginia
Alexandria Division

| | |
|---|---|
| **In re: Philip K. Stephens and Emily A. Stephens**<br>Debtor | Case No. 23-11966-BFK<br>Chapter 13 |

**PHILIP K. STEPHENS and**
**EMILY A. STEPEHENS,**
      **Plaintiffs**
v.    Adv. Pro. No. _____

**SOLAR MOSAIC LLC,**
      **Defendant.**

## COMPLAINT

Plaintiffs Philip K. Stephens and Emily A. Stephens (together, "Plaintiffs"), by counsel, allege as follows for their Complaint against Defendant Solar Mosaic LLC:

### PRELIMINARY STATEMENT

1. Solar Mosaic defrauded Plaintiffs by misrepresenting the true cost of a solar panel system that Solar Mosaic financed. Because of its fraud, Solar Mosaic received a windfall of intertest payments untethered to the actual cost of solar equipment and installation services paid to Power Home Solar, LLC d/b/a Pink Energy ("Pink Energy"). Plaintiffs, on the other hand, overpaid for a solar panel system that failed to function.

2. After Pink Energy declared bankruptcy in 2022, Solar Mosaic ignored directives from the Attorney General of Virginia to "suspend loan payment obligations and the accrual of interest" on Pink Energy systems.

3. As to Plaintiffs, Solar Mosaic instead demanded payment on the loan and eventually assigned Plaintiffs' account to collections. Plaintiffs subsequently faced harassing efforts to collect the debt.

4. Now Solar Mosaic seeks payment through Claim 4 in Plaintiffs' Chapter 13 bankruptcy case.

5. Under 11 U.S.C. § 502(b)(1), Plaintiffs object to Claim 4 because the loan is void or, at a minimum, not subject to collection.

6. Separately, Plaintiffs seek actual and treble damages, costs, and attorneys' fees for Solar Mosaic's violations of the Virginia Consumer Protection Act ("VCPA").

7. Through its misrepresentations about the cost of the solar panel system and how interest would be charged that induced Plaintiffs to agree to a loan, Solar Mosaic violated the VCPA, Va. Code § 59.1-200(A)(8) and (14), and willfully, *id.* § 59.1-204.

8. Additionally, or in the alternative, Plaintiffs seek compensatory and punitive damages for Solar Mosaic's common law fraud.

## JURISDICTION

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(b), and 1334, and 11 U.S.C. §§ 105 and 502, and Federal Rules of Bankruptcy Procedure 3001, 3007, and 7001(7) and (9) in that this action arises in and relates to Plaintiffs' Chapter 13 bankruptcy case.

10. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (C), and (O). The claims in this case arise under 28 U.S.C. § 1332. To the extent that the Court finds that any of Plaintiffs' claims in this complaint are non-core claims, Plaintiffs consent to entry of final judgment on all claims presented in this matter by the Bankruptcy Court.

11. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1409.

12. Because Federal Rule of Bankruptcy Procedure 3007(b) prohibits proceedings to recover money or property (Rule 7001(1)) from being brought within an Objection to Claim, but allows an Objection to Claim to be brought in an Adversary Proceeding, it is appropriate for

Plaintiffs to bring an Adversary Proceeding to resolve the matters in controversy, which include Plaintiffs' objection to claim and request for money.

## PARTIES

13. Plaintiff Philip K. Stephens is one of the debtors in the related Chapter 13 case. He is a "person" as defined by the VCPA, Va. Code § § 59.1-198.

14. Plaintiff Emily A. Stephens is one of the debtors in the related Chapter 13 case. She is a "person" as defined by the VCPA, Va. Code § § 59.1-198.

15. Defendant Solar Mosaic is a California limited liability company that filed a Proof of Claim, designated by the Court as Claim 4 in the related Chapter 13 case.

16. Solar Mosaic is a financial institution that extended credit to Plaintiffs for the purchase of a solar power system from Pink Energy.

17. Solar Mosaic is a "supplier" as defined by the VCPA, Va. Code § § 59.1-198.

18. Solar Mosaic is not a "small loan compan[y]," as that term is used in the context of the VCPA, Va. Code § 59.1-199(4).

## FACTUAL ALLEGATIONS

19. In late December 2017, Plaintiffs agreed to purchase a solar panel system from Pink Energy for the purported price of $24,564.00.

20. That purchase was financed by Solar Mosaic, which supplied the money for the purchase of the solar panel system to Pink Energy.

21. At all times relevant to this Complaint, Solar Mosaic and Pink Energy worked in concert.

22. In fact, one salesperson purported to act on behalf of both Solar Mosaic and Pink Energy during the door-to-door sales process. Plaintiffs, consequently, reasonably believed that the companies were one and the same.

23. Unbeknownst to Plaintiffs, the purchase price exceeded the cost of the solar power panel system, inclusive of its equipment and installation.

24. Only a portion of the purchase price was used to pay Pink Energy or any other entity that may have assisted with the installation of Plaintiffs' solar panel system.

25. The remainder was to be retained by Solar Mosaic.

26. Put differently, Plaintiffs paid more than they should have for the solar panel system, and Solar Mosaic reaped the benefit by retaining the difference.

27. Not only that, but interest accrued on Plaintiffs' loan in its full amount, meaning that Plaintiffs paid interest on the aspect of the purchase price that was retained by Solar Mosaic as a windfall.

28. This practice in direct conflict with representations made in Solar Mosaic's financing documents. Specifically, Solar Mosaic represented to Plaintiffs that "[i]nterest will accrue on the loan amounts actually disbursed," which was not true.

29. Plaintiffs relied on the representation that interest would accrue on only the costs of the solar panel system when agreeing to purchase and finance their solar panel system.

30. Plaintiffs would not have purchased or financed their solar power system through Solar Mosaic had Plaintiffs known the truth.

31. Plaintiffs discovered Solar Mosaic's misrepresentations only after the filing their bankruptcy action.

32. Plaintiffs were damaged by Solar Mosaic's misrepresentations and omissions, including through their payments of amounts that they believed were for the cost of equipment and installation of their solar panel system.

4

## COUNT 1
### OBJECTION TO CLAIM 4

33. Plaintiffs reallege and incorporate all of the preceding paragraphs in this Complaint.

34. Under 11 U.S.C. § 502(a), a claim is "deemed allowed, unless a party in interest . . . objects."

35. Where an objection is made to a claim, the Court "shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that . . . [ ] such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . . " 11 U.S.C. § 502(b)(1).

36. Plaintiffs object to Claim 4 because it seeks payment for an allegedly outstanding balance on a loan that was procured fraudulently. Plaintiff asks that the Court deny Claim 4 because the underlying loan is void and, in any event, uncollectable per directives from the Attorney General of Virginia.

## COUNT II
### VIOLATION OF THE VCPA

37. Plaintiffs reallege and incorporate all of the preceding paragraphs in this Complaint.

38. At all times relevant to the Complaint, Solar Mosaic was a supplier, as that term is defined by the VCPA, Va. Code § 59.1-198.

39. Solar Mosaic played a direct role in the sale of a solar panel system to Plaintiffs.

40. Solar Mosaic supplied the money for Plaintiffs' purchase of a solar panel system.

41. Solar Mosaic violated Virginia Code § 59.1-200(A)(8) and (14) by misrepresenting the cost of the solar panel system, including that interest would accrue on only the portion of the loan amount that was used to purchase the solar panel system or pay for its installation.

42.     By paying interest untethered to the cost of equipment and installation of their solar panel system that was retained by Solar Mosaic as profit, Plaintiffs suffered a loss because of Solar Mosaic's violations of the VCPA.

43.     The violations were willful, or in the alternative were negligent and not the result of a bona fide error.

## COUNT III
## FRAUD

44.     Plaintiffs reallege and incorporate all of the preceding paragraphs in this Complaint.

45.     Solar Mosaic defrauded Plaintiffs by inducing them to purchase a solar panel system at a misrepresented cost, including through its misrepresentation that interest would accrue on only the portion of the loan amount that was used to purchase the solar panel system or pay for its installation.

46.     Solar Mosaic intended for Plaintiffs to rely on its false representations and concealments.

47.     Plaintiffs relied on Solar Mosaic's false statements and omissions by agreeing to purchase a solar panel system that they would not have had they known the true cost.

48.     Plaintiffs suffered damages as a result, including by paying interest untethered to the cost of equipment and installation of their solar panel system that was retained by Solar Mosaic as profit.

49.     Solar Mosaic's actions were carried out in a reckless disregard of the rights of Plaintiffs, warranting an award of punitive damages.

**DEMAND FOR RELIEF**

Plaintiffs therefore request the following relief:

(i)       An order striking Claim 4;

(ii)      An order declaring Plaintiffs' loan with Solar Mosaic void;

(iii)     An award of damages under the VCPA, including actual and treble damages against Solar Mosaic, in an amount to be proven at the time of trial;

(iv)     An award of attorneys' fees;

(v)      An award of litigation costs;

(vi)     An award of compensatory damages in an amount to be proven at the time of trial;

(vii)    An award of punitive damages in an amount to be proven at the time of trial; and

(viii)   Any such other relief that the Court deems fit.

Respectfully submitted,

**PLAINTIFFS**

By:   */s/ Robert R. Weed*
Robert Weed, VSB #24646
Law Office of Robert Weed
800 Corporate Dr. #301
Stafford, VA 22554
(703) 335-7793
robertweed@robertweed.com

Kristi C. Kelly, VSB #72791
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyguzzo.com

Copies to:

Solar Mosaic LLC
c/o Weltman Weinberg & Reis, LPA
965 Keynote Circle
Cleveland, OH 44101

Carl A. Eason
Wolcott Rivers Gates
200 Bendix Road, Ste 300
Virginia Beach, VA 23452

Solar Mosaic LLC
c/o CT Corporation System, Registered Agent
4701 Cox Rd., Ste. 285
Glen Allen, VA 23060

Solar Mosaic LLC
601 12th St., Ste. 325
Oakland, CA  94607-3886