**IN THE UNITED STATES BANKRUPTCY COURT**
**for the Eastern District of Virginia**
**Alexandria Division**

| | |
|---|---|
| In re: Philip K. Stephens and Emily A. Stephens<br>**Debtors** | Case No. 23-11966-BFK<br>Chapter 13 |

**PHILIP K. STEPHENS and**
**EMILY A. STEPEHENS,**
      **Plaintiffs**
**v.**                                                                                                                                           Adv. Pro. No. 25-01006-BFK

**SOLAR MOSAIC LLC,**
      **Defendant.**

**CONSENT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiffs Philip K. Stephens and Emily A. Stephens, with the consent of Defendant Solar Mosaic LLC ("**Solar Mosaic**"), pursuant to section 105(a) of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), request approval of the settlement of this adversary proceeding, styled *Philip K. Stephens and Emily A. Stephens v. Solar Mosaic LLC* (Adv. Proc. No. 25-01006-BFK) (the **"Lawsuit"**). In support of their Motion, Plaintiff states the following:

**BASIS FOR RELIEF**

1. On November 30, 2023, Philip K. Stephens and Emily A. Stephens ("**Debtors**" and collectively referred to with Solar Mosaic, the "**Parties**") filed for relief under Chapter 13 of Title 11 U.S. Code in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 23-11966-BFK.

2. On January 26, 2024, Solar Mosaic filed a Proof of Claim in the Chapter 13 Bankruptcy in the amount of $22,935.76, which was designated by the Court as Claim No. 4 (the "Proof of Claim").

3. On January 29, 2025, Debtors filed an objection to the Proof of Claim in the Chapter 13 Bankruptcy and filed the Lawsuit.

4. Thereafter, the Parties engaged in several weeks of settlement discussions in earnest. The Parties, through counsel, considered the claims and defenses asserted by the Parties, the costs and risks of litigation, and the merits of the claims. As a result, the Parties agreed to enter into the Settlement Agreement ("**Agreement**"), attached hereto as **Exhibit A**, subject to Court approval.

## ARGUMENT

5. The well-established law encourages the approval of settlements to help resolve bankruptcy cases. Specifically, the United States Court of Appeals for the Third Circuit noted that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *see In re Frye*, 216 B.R. 166 (Bankr. E.D. Va. 1997) (stating that settlement agreements between parties are designed to put an end to lawsuits and are favored by the law). Whether to approve a settlement is within the discretion of the bankruptcy court. *In re Key3MediaGroup, Inc.,* 336 B.R. 87 (Bankr. D. Del. 2005). The court, when exercising this discretion, must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (citing *In re Martin*).

6. In determining whether to approve a compromise and settlement, bankruptcy courts are required to look at various factors, including the paramount interest of the creditors, to determine whether the compromise is in the best interest of the estate and whether it is fair and

equitable to the creditors of the estate. *In re Frye*, 216 B.R. at 174. The court must also determine whether the settlement falls below the lowest point in the range of reasonableness. *See In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (court also discussed factors to approve settlements).

7. A settlement approved pursuant to a Rule 9019(a) motion will be binding upon all parties receiving notice of the motion. *See In re Lift & Equipment Service, Inc.*, 816 F.2d 1013, 1018 (5th Cir. 1987) (creditor was bound by settlement approved by bankruptcy court after notice and a hearing); 10 *Collier on Bankruptcy* ¶ 9019.02 at 9019-5 (15th ed. rev. 1997) ("A compromise effected with the approval of the court is conclusive on the parties and on the creditors of the estate as well."). An approved bankruptcy settlement, therefore, is generally entitled to the same status as a final judgment on the merits and is thus entitled to *res judicata* effect. *In re Medomak Canning*, 922 F.2d 895, 900 (1st Cir. 1991). "Under *res judicata*, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted). Such an order is binding and enforceable as a matter of law. The *res judicata* effect of an approved settlement will thus extend to the debtor's creditors and other parties in interest who are deemed to be in privity with the trustee. *See In re Dominelli*, 820 F.2d 313, 317 (9th Cir. 1987).

8. Debtors submit that the Agreement proposed meets the above criteria.

9. The Agreement provides for a mutual release.

10. In addition, Solar Mosaic agrees to withdraw the Proof of Claim, and Debtors agree to withdraw their objection to the same and dismiss the Lawsuit.

11. The Agreement is in the best interests of the creditors because it reduces the debts owed by the estate.

## CONCLUSION

WHEREFORE for the foregoing reasons, Philip K. Stephens and Emily A. Stephens respectfully request that the Court enter an Order substantially in the form attached hereto as **Exhibit B**, granting the Motion and such other relief as the Court deems just and proper.

| | |
|---|---|
| **PHILIP K. STEPHENS and EMILY A. STEPHENS** | **SOLAR MOSAIC LLC** |
| | |
| */s/ Kristi C. Kelly* | */s/ Mary C. Zinsner* |
| Kristi C. Kelly, VSB #72791 | Mary C. Zinsner, VSB #31397 |
| KELLY GUZZO, PLC | mary.zinsner@troutman.com |
| 3925 Chain Bridge Road, Suite 202 | TROUTMAN PEPPER LOCKE LLP |
| Fairfax, VA 22030 | 401 9th Street NW, Suite 1000 |
| Telephone: (703) 424-7572 | Washington, DC 20004 |
| Facsimile: (703) 591-0167 | Telephone: (202) 274-2950 |
| Email: kkelly@kellyguzzo.com | |
| | Massie P. Cooper |
| Robert Weed | massie.cooper@troutman.com |
| Bankruptcy Law Office of Robert Weed | TROUTMAN PEPPER LOCKE LLP |
| 5019 Backlick Road, Unit C | 1001 Haxall Point, Suite 1500 |
| Annandale, Virginia 22003 | Richmond, VA 23219 |
| (703) 335-7793 | Telephone: (804) 697-1200 |
| robertweed@robertweed.com | |
| | *Attorneys for Defendant Solar Mosaic LLC* |
| *Attorneys for Plaintiffs* | |