# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (this "Agreement") is entered by and between Philip K. Stephens, III and Emily A. Stephens (each a "Claimant" and together, "Claimants") and Solar Mosaic LLC ("Mosaic").  Claimants and Mosaic are sometimes referred to herein individually as a "Party" and collectively as the "Parties."  This Agreement is effective the date that the last Party signs and thereby executes this Agreement (the "Effective Date").

## BASIS OF SETTLEMENT AGREEMENT

**WHEREAS**, on or about December 27, 2017, Claimants entered into a contract with Power Home Solar ("Installation Agreement") for the purchase and installation of a solar system ("Solar Equipment");

**WHEREAS**, on or about December 27, 2017, Claimant Philip K. Stephens, III entered into a Loan Agreement with Mosaic ("Loan Agreement") to finance the purchase and installation of the Solar Equipment;

**WHEREAS**, on or about May 16, 2018, Mosaic filed a UCC-1 financing statement for the Solar Equipment with the Circuit Court of Prince William County, Virginia and with State Corporation Commission ("UCC Lien");

**WHEREAS**, on or about November 30, 2023, Claimants filed a Chapter 13 Voluntary Petition for bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Virginia ("Bankruptcy Court"), Case No. 23-11966-BFK ("Bankruptcy");

**WHEREAS**, on or about January 8, 2024, Mosaic filed a Proof of Claim in the Bankruptcy relating to the UCC Lien, which was designated as "Claim No. 4," and which was amended on February 7, 2024 ("Claim");

**WHEREAS**, on or about January 21, 2025, Claimants filed in the Bankruptcy an Objection to Mosaic's Claim ("Objection");

**WHEREAS**, on or about January 29, 2025, Claimants filed an Adversary Complaint against Mosaic in the Bankruptcy, captioned *Philip K. Stephens and Emily A. Stephens v. Solar Mosaic LLC*, Adversary Proceeding No. 25-01006-BFK ("Adversary Proceeding");

**WHEREAS**, the Claim and the Adversary Proceeding shall be referred to collectively herein as the "Dispute."

**WHEREAS**, the Parties have reached an agreement for the compromise and resolution of the Dispute between them;

-1-

309044865v5

**WHEREAS**, the above recitals are for convenience only and do not limit, expand, affect, or alter the meaning of the terms of this Agreement, do not constitute admissions, and do not create binding obligations on a Party or Parties to this Agreement;

**NOW, THEREFORE**, in consideration of the mutual agreements and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Claimants and Mosaic agree and covenant as follows:

1. **Motion for Approval of Settlement**.  Within seven (7) days of the Effective Date, Claimants shall prepare and file in the Bankruptcy a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking approval of this Agreement by the Bankruptcy Court (the "9019 Motion").  The date of the Bankruptcy Court's approval of the 9019 Motion shall be referred to as the "Settlement Approval Date".

2. **Withdrawal of Objection**.  Within three (3) days of the Settlement Approval Date, Claimants shall file appropriate documentation (in each case, reasonably acceptable to Mosaic) and take all other steps reasonably necessary to effectuate the withdrawal of the Objection.  The date the withdrawal of the Objection is effectuated shall be referred to as the "Objection Withdrawal Date".

3. **Dismissal of Adversary Complaint**.  Within three (3) days of the Settlement Approval Date, Claimants shall file appropriate documentation (in each case, reasonably acceptable to Mosaic) and take all other steps reasonably necessary to effectuate the dismissal with prejudice of the Adversary Complaint.  The date the dismissal of the Adversary Complaint is effective shall be referred to as the "Dismissal Date".

4. **Withdrawal of Claim**.  Within seven (7) days of the latter of (i) the Objection Withdrawal Date, or (ii) the Dismissal Date, Mosaic shall, pursuant to Fed. R. Bankr. P. 3006, file a Notice of Withdrawal of its Claim, which shall be subject to the approval of the Bankruptcy Court.  The date of the Bankruptcy Court's approval of the Notice of Withdrawal shall be referred to as the "Claim Withdrawal Date".  Mosaic's Notice of Withdrawal will state that Claimants consent to the withdrawal of the Claim.

5. **Release of UCC Lien**.  Within fourteen (14) days of the Claim Withdrawal Date, Mosaic shall file with the Circuit Court of Prince William County, Virginia and with State Corporation Commission the documents necessary to effect the release the UCC Lien.

6. **Mutual Release**.

    (a)    In consideration of the mutual promises contained in this Agreement, Claimants, their successors, parents, subsidiaries, principals, assigns, heirs, agents, spouse, direct family members, survivors, and beneficiaries (the "Claimant Releasing Parties") fully and finally release, acquit, and forever discharge Mosaic and each of its respective shareholders, employees, predecessors, subsidiaries, attorneys, transferees, representatives, affiliates, capital partners, current or former agents, successors, and assigns (collectively the "Mosaic Released Parties") of and from

    any and all claims, demands, rights, obligations, actions, causes of action, and damages (including attorneys' fees and costs), whether based on contract, statutory rights, or tort, whether known or unknown, whether heretofore or hereafter accruing or arising, whether held by assignment or otherwise, and whether asserted or not, which the Claimant Releasing Parties ever had or now have against the Mosaic Released Parties, including any claims, demands, rights, obligations, actions, causes of action, and damages arising out of, relating to, or concerning the Solar Equipment, the Installation Agreement, the Loan Agreement, the UCC Lien, the Dispute, and/or Power Home Solar, including any direct or indirect claims (including attorneys' fees and costs) including but not limited to Mosaic's handling and administration of the loan or account and/or arising under the Holder Rule that were alleged or could have been alleged ("<u>Claimant Released Claims</u>"); provided, however, that Claimants do not release the Mosaic Released Parties of or from any claims arising out of, relating to, or concerning any breach of this Settlement Agreement.

(b)     In consideration of the mutual promises contained in this Agreement, Mosaic fully and finally releases, acquits, and forever discharges Claimants of and from any and all claims, demands, rights, obligations, actions, causes of action, and damages (including attorneys' fees and costs), whether based on contract, statutory rights, or tort, whether known or unknown, whether heretofore or hereafter accruing or arising, whether held by assignment or otherwise, and whether asserted or not, which Mosaic ever had or now has against Claimants arising out of, relating to, or concerning the Dispute, including any direct or indirect claims (including attorneys' fees and costs); provided, however, that Mosaic does not release Claimants of or from any claims arising out of, relating to, or concerning any breach of this Agreement.

7. **<u>Payments Under Loan Agreement</u>**. Claimants' obligation to make payments toward the loan under the Loan Agreement shall terminate upon the Effective Date. Any payments made by Claimants under the Loan Agreement prior to the Effective Date shall be retained by Mosaic, and Claimants agree that such pre-Effective Date payments shall not be subject to avoidance, disgorgement, recharacterization, effect, counterclaim, defense, offset, subordination, other claim, cause of action, or other challenge of any kind or nature under the Bankruptcy Code, under applicable non-bankruptcy law, or otherwise.

8. **<u>No Assignment of Claims</u>**. Claimants represent and warrant that they have not assigned or otherwise transferred or encumbered any of the Claimant Released Claims.

9. **<u>Non-Disparagement</u>**. Claimants agree that they will not in any way knowingly disparage the Mosaic Released Parties, and that they will not knowingly make or solicit any comments, statements or the like that may be considered to be derogatory or detrimental to the reputation of the Mosaic Released Parties on or after the Effective Date.

-3-

309044865v5

10. **Assumption of Risk of Mistakes of Fact**. Each of the Parties expressly assumes the risk of any mistake of fact in connection with the controversies covered by this Agreement or with regard to any facts relating thereto which are now unknown.

11. **Material Breach**. In the event of a proceeding over a material breach by a Party of any term or condition of this Agreement, the prevailing party shall be entitled to recover its costs and expenses associated with or arising out of such proceeding, including the costs of enforcement of this Agreement, and specifically including, without limitation, all reasonable attorneys' fees and other expenses incurred by the prevailing party with respect to or arising out of such proceeding, and enforcement or the collection of any judgment relating thereto.

12. **No Admission of Liability**. The Parties acknowledge and agree that this Agreement is entered into solely for purposes of settling the Dispute and not as an admission of liability by any Party. Accordingly, this Agreement does not constitute an admission by any Party of any violation of any law, ordinance, or regulation or of any liability or wrongdoing whatsoever. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

13. **Miscellaneous Provisions**.

    (a) The rights and remedies of each of the Parties with respect to this Agreement shall be cumulative and may be exercised singularly or concurrently.

    (b) The benefits and burdens of this Agreement shall inure to the benefit of and be binding upon (i) the successors and assigns of Claimants, and (ii) the successors and assigns of Mosaic.

    (c) Claimants and Mosaic have each consulted with, or had the opportunity to consult with, counsel regarding this Agreement.

    (d) The Parties agree to be responsible for any and all federal, state, or local taxes due by them as a result of this Agreement and represent and warrant that they have not received or relied upon any tax advice made by any other Party or the other Party's counsel.

    (e) This Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if all signatures were upon the same instrument. Delivery of an executed counterpart of the signature page to this Agreement by facsimile or electronically by PDF document shall be effective as delivery of a manually executed counterpart of this Agreement.

    (f) In the event any one or more of the provisions contained in this Agreement is held to be invalid, illegal, or unenforceable in any respect, then such provision shall be ineffective only to the extent of such prohibition or invalidity, and the validity, legality, and

309044865v5

enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired.

(g) The Parties waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document will be construed against the party drafting such agreement or document. The Parties agree that the language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any Party as the drafter.

(h) For purposes of this Agreement, the use of any gender shall include both genders, the singular shall include the plural, and the use of "and" and "or" shall include the conjunctive as well as the disjunctive, as required by context.

(i) This Release shall be construed and enforced in accordance with the laws of the State of Virginia without regard to its conflicts of law principles.

(j) Time shall be of the essence for all purposes in this Agreement.

(k) Except as limited in this Agreement, any Party may avail itself of any other rights and remedies provided for by statute or by law upon default or breach of this Agreement without the giving of further or additional notice.

(l) This Agreement constitutes the complete, exclusive, and entire understanding and agreement of Claimants and Mosaic with respect to its subject matter. Claimants and Mosaic agree that no representation, warranty, promise, or understanding, oral or otherwise, express or implied, concerning the subject matter of this Agreement has been made outside this Agreement, and that neither of them is relying on any representation, warranty, promise, or understanding outside of those contained in this Agreement. No provision of this Agreement may be modified, waived, or discharged unless such modification, waiver, or discharge is agreed to in writing signed by Claimants and Mosaic.

(m) The captions of this Agreement are inserted for convenience only and shall have no effect upon the construction or interpretation hereof.

**IN WITNESS WHEREOF**, Claimants and Mosaic have set their hands and seals to this Agreement as of the day and year first set forth above.

| **PHILIP K. STEPHENS, III** | **SOLAR MOSAIC LLC** |
|---|---|
| */s/ PKS III/* | By: *Julianne Spears* (DocuSigned, 7C99B2E778CA4B7...) |
| Printed Name: Philip K Stephens III | Printed Name: Julianne Spears |

-5-

309044865v5

Date: 3/16/2025      Title: General Counsel & Secretary

Date: March 18, 2025

**EMILY A. STEPHENS**

*[signature]*

Printed Name: Emily A. Stephens

Date: 3/16/2025

309044865v5